# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| EDWARD MARTIN, III,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, BRAD WALZ, J. BRANDT, J. SULLIVAN, J. PRITCHARD, WATERLOO WORK RELEASE, ELLEN POLLAND, MARGRET SHIPLEY, ROXANE PHILLIPS, JAMES COIL, FORT DODGE CORRECTIONAL STAFF, ROCKWELL CORRECTIONAL STAFF, CLARINDA CORRECTIONAL STAFF,<br><br>　　　　Defendants. | No. C11-2036-LRR<br><br>INITIAL REVIEW ORDER |

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on July 8, 2011. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983. Additionally, the plaintiff supplemented either his application to proceed in forma pauperis or his complaint under 42 U.S.C. § 1983 on August 4, 2011 and September 12, 2011 (docket nos. 2, 3 & 4).

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay

the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly deposits, the court finds that the initial partial filing fee is $9.07. *Id*. The plaintiff shall submit $9.07 by no later than October 18, 2011. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the

plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## III. CLAIM ASSERTED

Currently confined at the Iowa Medical and Classification Center in Coralville, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are

3

related to criminal proceedings. The plaintiff predicates jurisdiction on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff makes clear that he is complaining about events that occurred from 2003 to 2006 and that relate to criminal cases brought by the State of Iowa. As relief, the plaintiff states that he wants the court to: (1) order the defendants to pay his child support, fines and court costs; (2) award him $100,000 for the mental anguish that he has suffered; (3) expunge his record; and (4) notify the public as to the outcome of his case.

### IV. ANALYSIS
#### A. *Claims Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all

4

"rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. *Plaintiff's Claims*[1]

Based on the facts alleged, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. The applicable statute of limitations is the period governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005) (reaffirming that the statute of limitations

---

[1] The plaintiff mentions in passing that his legal mail was opened. To the extent that he intended to pursue this as a separate claim, the court finds that it is wholly unrelated to the claims pertaining to his criminal cases, and, consequently, there is no need to address it here. Because it is unrelated, the plaintiff can file a separate action if he desires. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2005) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [multi-claim and multi-defendant suits produce] but also to ensure that prisoners pay the required filing fees—for the Prisoner Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."); *see also* Federal Rule of Civil Procedure 20(a)(2) (addressing joinder of parties). Before filing a new action, the plaintiff should consider that he will be required to pay $350.00 when filing an action, *see* 28 U.S.C. § 1914 and 28 U.S.C. § 1915, and he should consider that compensatory damages are not available where a plaintiff does not assert a physical injury as a result of a defendant's actions, *see* 42 U.S.C. § 1997e(e) and *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).

for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). Such "'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act.'" *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985)); *see also Richmond v. Clinton County*, 338 F.3d 844, 847 (8th Cir. 2003) (relying on *Roth*, 27 F.3d at 1306). The plaintiff did not file the instant complaint in a timely manner. The plaintiff alleges that he sustained an injury between 2003 and August of 2006. He filed this civil rights action on July 8, 2011. Accordingly, the applicable statute of limitation bars the plaintiff's claims. *See White v. Kautzky*, 494 F.3d 677, 681 (8th Cir. 2007) (applying Iowa's two-year statute of limitation); *Myers*, 960 F.2d at 751 (concluding that a district court may dismiss an action if an affirmative defense exists, that is, the applicable statute of limitation has run).[2]

With respect to the criminal charges that the plaintiff is currently contesting, he is not able to raise issues here. The plain language of the complaint demonstrates that the plaintiff is indirectly challenging the validity of his conviction and sentence. The plaintiff complains about events that correspond to *State v. Martin*, FECR175548 (Black Hawk

---

[2] The court notes that, after reviewing, among other things, the pre-sentence investigation report that the plaintiff submitted, online state court records, information that the Iowa Department of Corrections provides and reported cases, *see State v. Martin*, 704 N.W.2d 665 (Iowa 2005), it appears that the plaintiff previously served time for a valid sentence. The Iowa Department of Corrections provides access to information pertaining to offenders at the following address: http://www.doc.state.ia.us/.

County Dist. Ct. 2011),[3] and the plaintiff states that he would like the court to award him damages. The relief sought is not available because a cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). The plaintiff implicitly admits that his allegations against the defendants necessarily imply the invalidity of his conviction or sentence. Indeed, the plaintiff acknowledges that he is still contesting his conviction and resulting sentence. Because the plaintiff may not at this time seek damages based on the sentence that he is now serving, the plaintiff's claim fails as a matter of law.

Alternatively, the plaintiff's allegations fail as a matter of law because: (1) a judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability, *see Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967), *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997), and *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996); (2) a prosecutor is immune from civil rights claims that are based on actions taken in the performance of his or her prosecutorial duties, s*ee Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)), *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993), and *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992); and (3) liability under 42 U.S.C. § 1983 may not be grounded upon a respondeat superior theory, *see Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989), *Chambers v. St. Louis County*, 247 F. App'x 846, 848 (8th Cir. 2007), and *Tlamka v. Serrel*, 244 F.3d 628, 635 (8th Cir. 2001). Moreover, the plaintiff's

---

[3] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

supplemented complaint is deficient because it does not include specific allegations against the defendants; the plaintiff's 42 U.S.C. § 1983 action against the defendants is not cognizable because the plaintiff does not allege that their conduct caused the deprivation of a federally protected right or that they were personally involved with or had direct responsibility for the incidents alleged in the complaint. *See Gully v. Maynard*, 218 F. App'x 551, 552 (8th Cir. 2007); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Based on the foregoing, the plaintiff's action against shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $9.07 by no later than October 18, 2011. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 3rd day of October, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Iowa Medical and Classification Center, Coralville, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Edward Martin, III, #0042509, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Martin v. State of Iowa, et al.*, Case No. C11-2036-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $9.07, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa